UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-699 (JDB) |
| v. | : | |
| | : | |
| JOLY GERMINE, et. al., | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL IMMIGRATION FILES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Opposition to Defendant Joly Germine's motion to compel the government to obtain and produce immigration files (ECF 110) ("the Motion"). Defendant seeks the immigration files of a government cooperating witness who was born outside of the United States. The prosecution team does not have these records, which are presumably at the Department of Homeland Security ("DHS"), and does not have a reason to believe that the files reflect any current immigration proceedings against the cooperating witness. Defendant's one-page motion cites to no authority that requires the government to obtain records that are not in the custody of the prosecution team and for which there is no stated relevancy to this proceeding. The Defendant's motion should be denied.

### BACKGROUND

The cooperating witness was born in Haiti but immigrated to the United States many years ago with their family. The prosecution team has no government records in its possession related to the circumstances of the cooperating witness's family's immigration to the United States. The cooperating witness has lived and worked in the United States for more than 10 years.

1

The prosecution team also has no information or reason to believe that the cooperating witness is currently subject to any immigration proceedings. To the contrary, the prosecution team anticipates that the cooperating witness may be, in the future, subject to such proceedings on the basis of conduct related to this case. The defense has been provided relevant discovery on that issue.

## ARGUMENT

The Defendant seeks records that, if they exist, are outside the possession, custody, and control of the prosecution team. The general rule is that the government's *Brady* and Rule 16 obligations extend to all material in the possession, custody, or control of the "prosecution team." *Yates v. United States*, 135 S.Ct. 1074, 1083 (2015) ("Rule 16 is a discovery rule designed to protect defendants by compelling the prosecution to turn over to the defense evidence material to the charges at issue."); *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992) ("The cases finding a duty to search have involved files maintained by branches of government 'closely aligned with the prosecution.'").

Membership on the prosecution team extends only to entities "closely aligned with the prosecution," *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992) (citation omitted), and who "submit to the direction of the prosecutor and participate in the investigation," *United States v. Barcelo*, 628 Fed. App'x 36, 38 (2d Cir. 2015) (emphasis added) (citation omitted). *See, e.g.*, *United States v. Pelullo*, 399 F.3d 197, 216-19 (3d Cir. 2005) (civil arm of U.S. Department of Labor (DOL) not part of "prosecution team" even though criminal case utilized criminal agents from DOL); *United States v. Morris*, 80 F.3d 1151, 1169-70 (7th Cir. 1996) (IRS and other federal agencies excluded because not "part of the team that investigated this case or participated in its prosecution"); *States v. Antone*, 603 F.2d 566, 569 (5th Cir. 1979) (state investigator part of federal

prosecution team where "the two governments, state and federal, pooled their investigative energies [to prosecute the defendants]"). Courts have declined to define the prosecution team so broadly so as to adopt "a monolithic view of government that would condemn the prosecution of criminal cases to a state of paralysis." *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) (citation omitted). Here, there is no plausible allegation that DHS is part of the prosecution team.

Moreover, the materials requested by Defendant are not otherwise discoverable. Rule 16 requires the government to "permit defendant to inspect . . . documents. . . . if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). The District of Columbia Circuit has stated that evidence is material to preparing the defense "as long as there is a *strong indication* that it will play an *important role* in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (emphasis added) (internal quotation marks and citation omitted). "At least one of the rationales behind the materiality requirement (and limiting discovery by criminal defendants generally) is to insure that the government not expend excessive time and effort securing documents for the defendant." *United States v. George*, 786 F. Supp. 11, 14 (D.D.C. 1991).

Here, Defendant makes no effort to explain why the requested files are relevant or material. *See United States v. Williams-Davis*, 90 F.3d 490, 514 (D.C. Cir. 1996) (rejecting, in the *Brady* context, the defendant's discovery requests and stating that the defendant must do more than assert "bare speculation [of] . . . the existence of favorable materials."). Nor has Defendant "asserted need" for these documents. *United States v. Apodaca*, 287 F. Supp. 3d 21, 40 (D.D.C. 2017) (Howell, J.). "[I]n other cases in which a defendant has made a Rule 16(a)(1)(E) motion to

compel discovery based on its potential exculpatory value, the defendant clearly identified how the evidence would further the defense." *Id.* (citing *United States v. O'Keefe*, No. 06-249, 2007 WL 1239204, *1, 2007 U.S. Dist. LEXIS 31053, *2, 11 (D.D.C. Apr. 27, 2007) (granting a motion to compel in a corruption case where the evidence sought would prove that there was "no 'official act' as a matter of law and that the defendants did not have the requisite criminal intent as a matter of fact"); *United States v. Libby*, 429 F. Supp. 2d 1, 7 (D.D.C. 2006) (granting in part the defendant's motion to compel and ordering disclosure of the topics covered during briefings to aid the defendant in his defense that he was preoccupied during the relevant time period); *United States v. Karake*, 281 F.Supp.2d 302, 308 (D.D.C. 2003) (granting the defendants' motion to compel discovery where the information sought was "crucial to their ability to file motions to suppress [their] statements ..., and may reveal mitigating evidence arising from the circumstances of their extradition"). "[T]he evidence must not simply bear some abstract relationship to the issue in the case, . . . and the government must disclose Rule 16 evidence only if such evidence enables the defendant significantly to alter the quantum of proof in his favor." *Libby*, 429 F. Supp. 2d at 7. The requested evidence could not do so here, given that the cooperating witness is not even currently involved in immigration proceedings.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Defendant's motion to compel the government to obtain and produce immigration files.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By: /s/ Karen Seifert
KAREN SEIFERT (NY Bar 4742342)
KIMBERLY L. PASCHALL
Assistant United States Attorneys
National Security Section
601 D Street, N.W.,
Washington, D.C. 20530
202-252-7527
Karen.seifert@usdoj.gov