UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-00699-JDB |
| : | |
| ELIANDE TUNIS, : | |
| : | |
| Defendant. : | |

**UNITED STATES' ESTIMATED SUMMARY OF
DFENDANT'S APPLICABLE SENTENCING GUIDELINES**

On January 11, 2024, the defendant, Eliande Tunis, notified the Court that she intended to plead to the 48-count Second Superseding Indictment. On January 12, 2024, the Court ordered the government, by 10 a.m. on January 16, 2024, to submit a summary of defendant's estimated sentencing range under the U.S. Sentencing Guidelines Manual. This submission includes the applicable Guidelines Sections, Specific Offense Characteristics, groupings, and criminal history score and category for this defendant for each count of the Second Superseding Indictment.

**I.     Background**

On November 7, 2023, the grand jury returned a 48-count Second Superseding Indictment in the above-captioned case. ECF No.73. The Second Superseding Indictment charged the defendant with: Conspiracy to Violate the Export Control Reform Act, in violation of 50 U.S.C. § 4819; Conspiracy to Commit Smuggling and to Defraud the United States, in violation of 18 U.S.C. § 371; Export Control Reform Act, in violation of 50 U.S.C. §4819; Smuggling, Aiding and Abetting, in violation of 18 U.S.C. §§ 544(a), 2; Laundering of Monetary Instruments (Promotion), Aiding and Abetting, in violation of 18 U.S.C. §§ 1956(a)(2)(A), 2; Laundering of Monetary Instruments (Proceeds), Aiding and Abetting, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 2. *Id*.

1

On January 11, 2024, defense counsel notified the Court that the defendant planned to plead to the Second Superseding Indictment. The Court scheduled a Change of Plea Hearing for January 16, 2024.

## II. Statutory Maximum Penalties

The applicable statutory maximum penalty for each count of the superseding indictment is as follows:

*Count One:* Conspiracy to Violate the Export Control Reform Act, in violation of 50 U.S.C. § 4819 has a maximum penalty of imprisonment not more than 20 years, a fine not more than $1,000,000, or both.

*Count Two:* Conspiracy to Commit Smuggling and to Defraud the United States, in violation of 18 U.S.C. § 371 has a maximum penalty of imprisonment not more than five years, a fine not more than $250,000, or both.

*Counts Three through Seventeen:* Export Control Reform Act, in violation of 50 U.S.C. § 4819 has a maximum penalty of imprisonment not more than 20 years, a fine not more than $1,000,000, or both.

*Counts Eighteen through Twenty:* Smuggling, Aiding and Abetting, in violation of 18 U.S.C. §§ 544(a), 2 has a maximum penalty of imprisonment not more than 10 years, a fine not more than $250,000, or both.

*Counts Twenty-One through Thirty-Four:* Laundering of Monetary Instruments (Promotion), Aiding and Abetting, in violation of 18 U.S.C. §§ 1956(a)(2)(A), 2 has a maximum penalty of imprisonment not more than twenty years, or a fine not more than $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater, or both.

*Counts Thirty-Five through Forty-Eight:* Laundering of Monetary Instruments (Proceeds), Aiding and Abetting, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 2 has a maximum penalty of imprisonment for not more than twenty years, or a fine not more than $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater, or both.

### III. Estimated Sentencing Range Under the U.S. Sentencing Guidelines Manual

*Count One.* The estimated sentencing guidelines sections under the U.S. Sentencing Guidelines Manual for 50 U.S.C. § 4819 are as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2M5.2 | Base Offense Level | **26** |
| U.S.S.G. § 3B1.1(c) | Manager or Supervisor | **+2** |
| U.S.S.G. § 3C1.1 | Obstructing or Impeding Justice[1] | **+2** |
| | **Total** | **30** |

*Count Two.* The estimated sentencing guidelines sections under the U.S. Sentencing Guidelines Manual for 18 U.S.C. § 371 are as follows:

*a. Commit Smuggling:*

| | | |
|---|---|---|
| U.S.S.G. § 2X1.1(a) | Base Offense Level Substantive Offense | **See Counts 18-20** |
| U.S.S.G. § 2X1.1(c)(1) | Cross Reference to Smuggling | **30** |
| | **Total** | **30** |

---

[1] The government believes this guideline is applicable for two reasons. First, the evidence at trial or sentencing would show that between defendant Tunis's first interaction with the FBI on October 25, 2021 and her ultimate arrest on October 30, 2021, she deleted 441 texts, audio messages, and photos from her communications with defendant Germine; 70 texts, audio messages and photos from her communications with defendant Dor; 87 texts, audio messages and photos from her communications with defendant St. Louis; and 128 texts, audio messages and photos from her communications with Lanmo San Jou from her phone. See, Government Exhibits 140; 101 and 101A; 102 and 102A; 103 and 103A; 106 and 106A. Second, during her testimony at the motion to suppress statements hearing on December 21, 2023, this Court raised several concerns about defendant Tunis's credibility as a witness, including her claims that (1) she was given a Miranda warning around 6 p.m. despite a much earlier time stamp on her executed Advice of Rights form, (2) she signed a written statement but had not initialed it, and (3) she had not communicated with co-defendant Germine about the kidnapping of the 17 missionaries in October 2021.

*b. Defraud the United States*

| | | | |
|---|---|---|---|
| U.S.S.G. § 2C1.1(a)(2) | Base Offense Level | | **12** |
| | | Total | **12** |

*Counts Three through Seventeen.* The estimated sentencing guidelines sections under the U.S. Sentencing Guidelines Manual for 50 U.S.C. § 4819 are as follows:

| | | | |
|---|---|---|---|
| U.S.S.G. § 2M5.2 | Base Offense Level | | **26** |
| U.S.S.G. § 3B1.1(c) | Manager or Supervisor | | **+2** |
| U.S.S.G. § 3C1.1 | Obstructing or Impeding Justice | | **+2** |
| | | Total | **30** |

*Counts Eighteen through Twenty.* The estimated sentencing guidelines sections under the U.S. Sentencing Guidelines Manual for 18 U.S.C. §§ 554(a), 2 are as follows:

| | | | |
|---|---|---|---|
| U.S.S.G. § 2M5.2 | Base Offense Level | | **26** |
| U.S.S.G. § 3B1.1(c) | Manager or Supervisor | | **+2** |
| U.S.S.G. § 3C1.1 | Obstructing or Impeding Justice | | **+2** |
| | | Total | **30** |

*Counts Twenty-One through Thirty-Four:* The estimated sentencing guidelines sections under the U.S. Sentencing Guidelines Manual for 18 U.S.C. §§ 1956(a)(2)(A), 2 are as follows:

| | | | |
|---|---|---|---|
| U.S.S.G. § 2S1.1(a)(2) | Base Offense Level | | **8** |
| U.S.S.G. § 2B1.1 | Value of the Laundered Funds | | **+6** |
| U.S.S.G. § 2S1.1(b)(1) | Offense Involving Firearms/National Security | | **+6** |
| U.S.S.G. § 2S1.1(b)(2)(B) | Convicted under 18 U.S.C. § 1956 | | **+2** |
| U.S.S.G. § 3B1.1(c) | Manager or Supervisor | | **+2** |
| U.S.S.G. § 3C1.1 | Obstructing or Impeding Justice | | **+2** |
| | | Total | **26** |

*Counts Thirty-Five through Forty-Eight.* The estimated sentencing guidelines sections under the U.S. Sentencing Guidelines Manual for 18 U.S.C. §§ 1956(a)(1)(A)(i), 2 are as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2S1.1(a)(1) | Base Offense Level for Underlying Offense[2] | |

---

[2] The government would elicit evidence at trial and will elicit evidence at sentencing that Defendant committed the underlying offense (or would be accountable for the underlying offense

4

| | | |
|---|---|---|
| U.S.S.G. § 2A4.1(a) | Cross Reference to Kidnapping | 32 |
| U.S.S.G. § 2A4.1(b)(1) | Ransom Demand | +6 |
| U.S.S.G. § 2A4.1(b)(3) | Dangerous Weapon | +2 |
| U.S.S.G. § 2A4.1(b)(4)(b) | More than Seven Days | +1 |
| U.S.S.G. § 2S1.1(b)(2)(B) | Convicted under 18 U.S.C. § 1956 | +2 |
| U.S.S.G. § 3B1.1(c) | Manager or Supervisor | +2 |
| U.S.S.G. § 3C1.1 | Obstructing or Impeding Justice | +2 |
| | Total | 47 |

*Grouping.* The government submits that all of the above counts group together into a single group, *except* for the second object of Count Two, Conspiracy to Commit Smuggling and Defraud the United States, in violation of 18 U.S.C. § 371. These two groups are explained below.

Group One: Count One charges a conspiracy to violate the Export Control Reform Act, violations of which are charged substantively in Counts Three through Seventeen. These counts will all group. *See* U.S.S.G. § 3D1.2(d).

Counts Eighteen through Twenty will group together as they charge the same offense, and with the export control counts under U.S.S.G. § 3D1.2(b), because they are "two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme

---

under U.S.S.G. §1B1.3 (Relevant Conduct)); and (B) the offense level for that offense can be determined. First, the government believes the evidence would show that defendant Tunis acted as an advisor to defendant Germine regarding the hostage takings conducted by 400 Mawozo in the summer of 2021, from which the laundered funds were derived. See, e.g., Government's Exhibit 101.38 (defendant Tunis encourages defendant Germine to hold a man hostage until he gives the gang an additional $400,000); Exhibit 101.49 (defendant Tunis encourages defendant Germine to "stand tough" after the kidnapping of the 17 Christian missionaries, and not give in until the government accedes to their demands); Exhibit 101.02 (defendant Tunis questioning whether the gang took a firearm from a hostage); Exhibit 140 (generally). Second, the government expects testimony from victims of the hostage takings will testify that, when they were kidnapped, members of the gangs took them forcibly at gun point. Finally, the evidence will show that defendant Tunis sent weapons to Haiti in March/April 2021 and June 2021, before the summer hostage takings, that were likely used by the gang members in effectuating those kidnappings.

or plan." The common scheme or plan is to smuggle weapons to Haiti in violation of export controls.

Counts Twenty-One through Thirty-Four all group together under U.S.S.G. § 3D1.2(d), because the "offense level is determined largely on the basis of the total amount of harm." Each count of money laundering is for an amount between $1,000 and $3,000. These counts would group with the underlying Export Control Reform Act and smuggling charges, because they "embod[y] conduct that is treated as a specific offense characterizing in, or other adjustment to, the guidelines applicable to the money laundering counts." In this instance, that is the 6-point adjustment for offenses related to firearms or national security under 2S1.1(b)(1)(iii).

Counts Thirty-Five through Forty-Eight similarly group together under U.S.S.G. § 3D1.2(d), and also group with the export control and smuggling counts because, although the 6-point adjustment under U.S.S.G. § 2S1.1(b)(1)(iii) does not apply to offenses that fall under U.S.S.G. § 2S1.1(a)(1), these counts are "two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." As noted above, the common scheme or plan is to smuggle weapons to Haiti in violation of export controls.

<u>Group Two</u>: Group Two involves the portion of the conspiracy charged in Count Two that cannot group with the above counts. Per U.S.S.G. § 3D1.2, Application Note 8, when a defendant is convicted of conspiring to commit several substantive offenses, and also of committing one or more substantive offenses, the parties must treat the conspiracy count as if it were several counts, each charging conspiracy to commit one of the substantive offenses. The application note then directs to U.S.S.G. § 1B1.2(d) and accompanying commentary. Pursuant to U.S.S.G. § 1B1.2(d), a conviction on a count charging a conspiracy to commit more than one offenses shall be treated

6

as if the defendant had been convicted on a separate count of conspiracy to each offense that the defendant conspired to commit.

Here, Count Two is a dual object conspiracy. The first object is to commit the crime of smuggling. The defendant is also charged with three counts of the substantive offense of smuggling. As noted above, this object will group with the conspiracy and substantive export control counts, the substantive smuggling counts, and the money laundering counts in Group One. The second object is to defraud the United States, by obstructing the function of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). The government submits that, because the export control and smuggling counts involve the U.S. Department of Commerce, but this portion of the conspiracy involves the ATF, there are two different victims, and these counts cannot group. U.S.S.G. § 3D1.2(b). Therefore, this count must be assessed separately.

*Combined Offense Level*. Because Counts Thirty-Five through Forty-Eight, laundering of monetary instruments (proceeds), are the most serious count comprising the Group One—*i.e.*, because it has the highest offense level of the counts in the group—its offense level constitutes the combined offense level for Group One 47. Group Two has only one count, with offense level 12. Under 3D1.4(c), Group Two can be "disregard[ed]" because it is 9 or more levels less serious than Group One. No units will be added. Therefore, the total combined base offense level is 47.

*Acceptance of Responsibility*. Per U.S.S.G. § 3E1.1, the defendant's acceptance of responsibility reduces the estimated guidelines range by 2 points, to level 45. Thus, the total base offense level is 45.

IV. **Criminal History Score and Category**

The defendant's criminal history score is zero, resulting in criminal history category I.

*U.S.S.G. 4C1.1*. Because the defendant has no criminal history score, new U.S.S.G. § 4C1.1 could apply. However, in this instance, the defendant does not meet all the criteria under U.S.S.G. § 4C1.1(a) because the defendant did "possess, receive, purchase, transport, transfer, sell or otherwise dispose of a firearm…in connection with the offense." *See* U.S.S.G. § 4C1.1(a)(7). Therefore, the additional 2 level decrease for zero criminal history score defendants does not apply to defendant Tunis.

### V.     Estimated Sentencing Guidelines Range

Pursuant to U.S.S.G. § 5, Part A, the government submits that the defendant's total combined offense level is 45, criminal history category is I, and her estimated sentencing guidelines range is life imprisonment. In addition, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 45, the estimated applicable fine range is $50,000 to $500,000.

The United States reserves the right to amend its position regarding the above sentencing guidelines estimates between now and the time of sentencing.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By: **/s/ *Karen Seifert***
Karen P. W. Seifert (N.Y. Bar No. 4742342)
Kimberly Paschall (D.C. Bar No. 1015665)
Assistant United States Attorneys

MATTHEW G. OLSEN
ASSISTANT ATTORNEY GENERAL

                                                  Beau D. Barnes (D.C. Bar No. 1024150)
                                                  Trial Attorney
                                                  Counterintelligence and Export Control Section
                                                  National Security Division
                                                  U.S. Department of Justice